UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEWART BARROW,

        Petitioner,                      Case No. 1:07-cv-620

v.                                          Honorable Robert Holmes Bell

CAROL HOWES,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. The gravamen of the petition is that the state courts' decisions in 2003 and 2004 denying Petitioner an appointed attorney to pursue his discretionary appeal violated his Sixth Amendment rights, as established by the later Supreme Court decision in *Halbert v. Michigan*, 545 U.S. 605 (2005). Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). This matter was stayed by order entered August 2, 2007, pending the decision in *Simmons*

*v. Kapture*, ___ F.3d ___, No. 03-2609, 2008 WL 398300 (6th Cir. Feb. 18, 2008), by the *en banc* Sixth Ciruict concerning the retroactive effect of *Halbert*. Now that *Simmons* has decided the issue against retroactivity, I recommend that the petition be dismissed for failure to raise a cognizable federal claim.

## Discussion

Petitioner is incarcerated at the Lakeland Correctional Facility. He is serving four concurrent sentences of ten to twenty years, imposed by the Livingston County Circuit Court on December 11, 2003, after Petitioner pleaded guilty to one count of operating/maintaining a lab involving hazardous waste, MICH. COMP. LAWS § 333.7401c, one count of delivery/manufacture of the controlled substance methamphetamine, MICH. COMP. LAWS § 333.7401(2)(b)(i), and two counts of being a felon in possession of a firearm, MICH. COMP. LAWS § 750.224f.

Petitioner has filed a habeas petition raising the sole ground that trial court unconstitutionally denied him court-appointed counsel. In his *pro se* application for habeas relief, Petitioner states that at the time of sentencing he "was advised of his ability to receive appointed counsel on appeal. [Petitioner] completed the hand-delivered form and later mailed it to the state court of appeals." (Pet. at 2.) The Michigan Court of Appeals assigned Petitioner a docket number on January 5, 2003, and issued a letter on February 2, 2004, "informing Petitioner that his submission did not constitute an appeal." (*Id*.) On March 19, 2004, the Michigan Court of Appeals dismissed Petitioner's action for failure to pursue the case in conformity with the rules.". (*Id*.) On July 25, 2004, Petitioner sent a letter to the Livingston County Circuit Court seeking appointment of appellate counsel and received the form for requesting appellate counsel in return. (Pet. at 3.)

On August 24, 2005, Petitioner filed a motion asserting his right to appointed counsel under *Halbert v. Michigan*, 545 U.S. 605 (2005). It was denied as untimely on October 6, 2005.

Petitioner sought leave to appeal the order to the Michigan Court of Appeals, which denied leave on October 11, 2006 for lack of merit in the grounds presented. The Michigan Supreme Court denied leave to appeal on February 27, 2007 because it was not persuaded it should review the issues presented.

In his *pro se* application for habeas relief, Petitioner claims that the trial court abused its discretion and violated his constitutional rights when it denied his request for appointment of appellate counsel. (*See* Pet. at 4). In support of his claim, Petitioner relies on *Halbert*, 545 U.S. at 617, in which the Supreme Court held that the Due Process and Equal Protection Clauses require appointment of counsel for indigent defendants convicted on pleas of guilty or nolo contendere who seek access to first-tier review in the Michigan Court of Appeals, even though such review is discretionary under state law. *Halbert* was decided after Petitioner's conviction became final. Petitioner's judgment of conviction was entered on December 11, 2003. A state-court criminal conviction becomes final when the availability of direct review in the state courts is exhausted and the ninety-day period to petition for *certiorari* has expired. *See Beard v. Banks*, 542 U.S. 406, 411 (2004); *Caspari v. Bohlen*, 510 U.S. 383, 390 (1994); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). Because Petitioner entered a guilty plea, his sole method of seeking direct review was by application for leave to appeal. MICH. CT. R. 6.425(F)(2). Such applications must be filed within 21 days of the entry of judgment, MICH. CT. R. 7.205(a), although the Court of Appeals will entertain a delayed application for leave to appeal up to one year after the entry of judgment. MICH. CT. R. 7.205(F)(3). Although Petitioner began his appeal within the one-year period, the appeal was dismissed by order of the Court of Appeals dated March 19, 2004. Petitioner did not seek review in the state supreme court, and his time to do so expired 56 days later, on May 7, 2004. *See* MICH. CT. R. 7.302(C)(2). His time to petition for *certiorari* (assuming such a petition would have been proper) expired ninety days later on August 5, 2004. Giving Petitioner the benefit of every possible doubt, his conviction became final on that date. *See United States v. Cottage*, 307 F.3d 494, 498-99 (6th Cir. 2002). *Halbert* was not decided until June 23, 2005.

Therefore, Petitioner does not have a cognizable claim unless *Halbert* applies retroactively under *Teague v. Lane*, 489 U.S. 288 (1989). Under *Teague*, a "new rule" of criminal procedure does not apply retroactively to cases on collateral habeas review unless it falls under one of two exceptions. The first exception permits retroactive application if the new rule "decriminalize[d] a class of conduct [or] prohibit[ed] the imposition of capital punishment on a particular class of persons." *Saffle v. Parks,* 494 U.S. 484, 494-95 (1990). The second exception applies to "'watershed rules of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." *Id.* at 495 (citing *Teague,* 489 U.S. at 311). The *en banc* Sixth Circuit authoritatively held in *Simmons*, 2008 WL 398300, at * 1, that *Halbert* is not applicable retroactively. "In short, *Halbert* announced a 'new rule,' and that new rule neither decriminalizes a class of conduct nor is a 'watershed' rule." *Id.* Accordingly, Petitioner fails to raise a meritorious federal claim.

### Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be summarily dismissed pursuant to Rule 4 because Petitioner has failed to raise a cognizable federal claim. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated:  March 7, 2008                   /s/  Joseph G. Scoville
                                        United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).