UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEWART BARRON,

        Petitioner,

                                          Case No.  1:07-CV-620

v.

                                          HON. ROBERT HOLMES BELL

CAROL HOWES,

        Respondent.

                               /

**ORDER ADOPTING REPORT AND RECOMMENDATION
AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

This matter is before the Court on Petitioner Stewart Barron's objections to the Magistrate Judge's March 7, 2008, Report and Recommendation ("R&R") recommending that Petitioner's § 2254 petition for writ of habeas corpus be dismissed with prejudice for failure to raise a cognizable federal claim pursuant to Rule 4 of the Rules Governing § 2254 Cases. (Dkt. No. 8.) The R&R was duly served on the parties. Petitioner filed objections to the R&R and a memorandum in support of his petition for writ of habeas corpus on March 20, 2008.  (Dkt. Nos. 9, 10.)

This Court is required to make a de novo determination of those portions of the R&R to which objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Although the Magistrate Judge's R&R is reviewed de novo, this Court must review

the state court proceedings consistent with the standards set forth in 28 U.S.C. § 2254.

Petitioner agrees that the gravamen of his petition is his assertion that the state trial court abused its discretion and violated his Sixth Amendment rights as established in *Halbert v. Michigan*, 545 U.S. 605 (2005), when it denied his request for court-appointed counsel to perfect his appeal after he entered a guilty plea. Petitioner also acknowledges that the Sixth Circuit has determined that the rule of criminal procedure articulated by the Supreme Court in *Halbert* does not apply retroactively to cases on collateral habeas corpus review. *Simmons v. Kapture*, 516 F.3d 450, 451 (6th Cir. 2008) (en banc). Petitioner nevertheless objects to the R&R based upon his contention that the state court abused its discretion in denying his request for court-appointed appellate counsel.

Petitioner's objections do not address the Magistrate Judge's determination that Petitioner has failed to state a cognizable federal claim. To state a cognizable habeas claim a petitioner must demonstrate that the state court decision was contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court, or that it was based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Because *Halbert* was decided after Petitioner's conviction became final and because *Halbert* does not apply retroactively to cases on collateral habeas corpus review, Petitioner's claim that the state court violated the rule established in *Halbert* does not state a claim under § 2254(d). Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections to the R&R (Dkt. Nos. 9,

10) are **DENIED**.

**IT IS FURTHER ORDERED** that the March 7, 2008, R&R (Dkt. No. 8) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus (Dkt. No. 1) is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473 (2000).

Dated: August 12, 2008              /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    UNITED STATES DISTRICT JUDGE